UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALVIN N. CRAVEN,<br><br>   Petitioner,<br><br>  v.<br><br>JIM ROBERTSON,<br><br>   Respondent. | Case No. 20-cv-01933-SI<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

Kalvin Craven, an inmate at the Pelican Bay State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

The petition provides the following information: After a jury trial in Alameda County Superior Court, Kalvin Craven was found guilty of four counts of robbery and was found to have personally used a firearm in the commission of the offenses. He was resentenced on June 29, 2018, to a prison term of 28 years.

He appealed. The California Court of Appeal affirmed the conviction in 2018 and the California Supreme Court denied his petition for review in 2019. He also filed a petition for writ of habeas corpus in the Alameda County Superior Court that was denied in 2020. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The federal petition for writ of habeas corpus contains three claims. First, Craven alleges that his right to due process was violated by the erroneous admission of two cell phone videos that depicted him riding in a car with a gun on his lap as he made shooting gestures with his hand. The events depicted in the videos were not shown to have any connection to the charged robberies. Second, he alleges that his Sixth Amendment right to counsel was violated by an ex parte communication between the trial judge and the jurors. He alleges that, had counsel been present or made aware of the juror's question, counsel could have made sure the juror's question was answered so that the jurors understood the law before reaching a verdict. Third, Craven alleges that he received ineffective assistance of counsel when counsel failed to move to suppress the highly prejudicial videos obtained from Craven's cell phone without a warrant. Liberally construed, these claims are cognizable in a federal habeas action and warrant a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition states three cognizable claims for habeas relief and warrants a response.

2. The clerk shall electronically serve a copy of this order upon respondent and respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing (ECF) system for the Northern District of California. The clerk also shall serve by mail a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **July 17, 2020**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **August 28, 2020**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to this court for consideration in this case.

7. Petitioner must pay the $5.00 filing fee or file a completed *in forma pauperis* application by **May 22, 2020**, or the action may be dismissed.

**IT IS SO ORDERED**.

Dated: April 14, 2020

_____
SUSAN ILLSTON
United States District Judge