1
2
3
4                      UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7       KALVIN N. CRAVEN,                          Case No.  20-cv-01933-SI

8                      Petitioner,

9              v.                                  **ORDER DENYING MOTION TO**
                                                   **AUGMENT RECORD AND**
10      JIM ROBERTSON,                             **GRANTING EXTENSION OF**
                                                   **TRAVERSE DEADLINE**
11                     Respondent.
                                                   Re: Dkt. Nos. 13, 15
12

13            Petitioner has filed a motion to augment the record in this habeas action with two cell phone

14     videos and a surveillance video that were admitted in evidence at petitioner's state court criminal

15     trial.  Docket No. 13.  Respondent filed a response explaining that Respondent did not have access

16     or control of the trial exhibits including the videos and that an order from this court to the Alameda

17     County Superior Court would be necessary to obtain the videos.  Docket No. 14.  Respondent

18     submitted copies of still photos from the videos, as only still photos had been served on Respondent

19     during the state court appeal.  *Id.*

20            Federal habeas "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was

21     before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170,

22     180-81 (2011).  Here, that means that this court must review the same record that the California

23     Court of Appeal reviewed when it adjudicated petitioner's constitutional claims regarding the

24     videos.  Exhibits, such as the videos, typically are not part of the record on appeal and the reviewing

25     court instead relies on the description of the evidence in the appellate record; the reviewing court

26     might then include a description of the evidence in its opinion.  For example, the cell phone videos

27     were described in the California Court of Appeal opinion as "two short videos downloaded from

28     appellant's cell phone that showed him sitting in a car with a handgun in his lap.  The guns in each

*United States District Court*
*Northern District of California*

video were different." Docket No. 12-3 at 4. "[T]here was no direct evidence that one of the guns possessed by appellant in the cell phone videos was the same gun used in the charged robberies. But such an inference could be drawn." *Id.* at 5. And the surveillance video was described in the California Court of Appeal opinion as "[s]urveillance video from a security camera located at the Champa Garden restaurant [that] captured the robbers pulling up in a silver Nissan Altima with license plate number 7SIK335, getting out, walking down the sidewalk and then, after being out of sight, fleeing the scene with a number of bags in their hand." *Id.* at 3. Unless a party shows the state appellate court's description of physical evidence to be materially inaccurate – which petitioner has not – that is the description this court will use in adjudicating his federal habeas claims. The motion to augment the record with the videos therefore is DENIED. Docket No. 13.

Petitioner's request for an extension of the deadline to file his traverse is GRANTED. Docket No. 15. Petitioner must file and serve his traverse no later than **November 13, 2020.**

**IT IS SO ORDERED**.

Dated: September 3, 2020

_____

SUSAN ILLSTON
United States District Judge