UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALVIN N. CRAVEN,<br><br>    Petitioner,<br><br>    v.<br><br>JIM ROBERTSON,<br><br>    Respondent. | Case No. 20-cv-01933-SI<br><br>**ORDER RECONSIDERING EARLIER ORDER AND PERMITTING AUGMENTATION OF THE RECORD**<br><br>Re: Dkt. No. 23 |

Petitioner moved to augment the record in this habeas action with two cell phone videos and a surveillance video that were admitted in evidence at petitioner's state court criminal trial. Docket No. 13. Respondent filed a response explaining that Respondent did not have access or control of the trial exhibits including the videos and that an order from this court to the Alameda County Superior Court would be necessary to obtain the videos. Docket No. 14. Respondent submitted copies of still photos from the videos, as only still photos had been served on Respondent during the state court appeal. *Id.* The court denied the motion to augment the record, explaining that federal habeas review is "'limited to the record that was before the state court that adjudicated the claim on the merits,'" exhibits typically are not part of the record on appeal, and the California Court of Appeal had described the video evidence in its decision. Docket No. 16 at 1-2 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011)). The court also explained that "[u]nless a party shows the state appellate court's description of physical evidence to be materially inaccurate – which petitioner has not – that is the description this court will use in adjudicating his federal habeas claims." *Id.* at 2.

1     Petitioner now moves for reconsideration of the order denying augmentation of the record, arguing for the first time that the California Court of Appeal actually did have the video exhibits when it considered petitioner's case and later returned the video exhibits to the Alameda County Superior Court. In light of the foregoing, petitioner's motion for reconsideration is GRANTED. Docket No. 23. The order denying augmentation of the record (Docket No. 16) is VACATED. The court will permit him to augment the record in this federal habeas action.

Although respondent suggested that this court could order the Alameda County Superior Court to deliver the video exhibits, the better approach is to require petitioner to obtain copies of the video exhibits (if he does not already have them) and then file them in this action. This will avoid any possible overreach of this court's authority – as it is not clear that this court has the authority to order a state superior court to deliver to this court exhibits or copies of exhibits in its files. *See Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."); *see also In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition).

No later than **March 12, 2021,** petitioner may augment the record by filing a copy of the video exhibits that were used at his trial and were transmitted to the California Court of Appeal for consideration in the appeal in his criminal case.

Because the court must wait for the deadline for petitioner to augment the record, the court also *sua sponte* extends the traverse deadline. Petitioner must file and serve his traverse no later than **March 12, 2021.** This deadline will not be further extended.

**IT IS SO ORDERED**.

Dated: January 21, 2021

_____
SUSAN ILLSTON
United States District Judge