UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALVIN N. CRAVEN,<br><br>    Petitioner,<br><br>    v.<br><br>JIM ROBERTSON,<br><br>    Respondent. | Case No. 20-cv-01933-SI<br><br>**ORDER DENYING PETITIONER'S MOTION TO AMEND PETITION AND DIRECTING PETITIONER TO NOTIFY THE COURT BY MAY 14, 2021 IF HE FILED A NEW STATE COURT HABEAS PETITION**<br><br>Re: Dkt. Nos. 28, 30 |

On March 19, 2020, petitioner Kalvin Craven filed a timely, exhausted habeas petition asserting three claims: (1) the trial court's evidentiary ruling admitting videos from Craven's cell phone violated his due process rights; (2) the trial court violated his constitutional rights by engaging in "ex parte" communications with jurors during deliberations and by failing to answer a jury question about a sentence enhancement allegation; and (3) ineffective assistance of counsel when counsel failed to move to suppress videos obtained from Craven's cell phone without a warrant. The Court issued an Order to Show cause on April 14, 2020, and respondent filed an answer addressing petitioner's claims on July 17, 2020.[1] Dkt. Nos. 7 & 12.

On March 12, March 23, and March 24, 2021, petitioner's counsel filed motions seeking to amend the petition to assert a number of new, unexhausted claims alleging ineffective assistance of counsel and cumulative error. Dkt. Nos. 28-30. In an order filed March 25, 2021, the Court directed

---

[1] In several recent filings, petitioner's counsel has asserted that respondent "has failed adequately to admit or deny the factual allegations alleged in support of Petitioner's claims for relief, but has instead made only a general denial of all matters not 'expressly admitted' by the answer." Dkt. No. 27 at 1; *see also* Dkt. No. 28 at 2. However, respondent's answer filed at Dkt. No. 12 is a substantive response to the three claims asserted in the petition.

respondent to file a response to these filings. Dkt. No. 31.[2] On April 12, 2021, respondent filed an opposition to petitioner's request to amend the petition.

Petitioner concedes that the new claims he wishes to add to the petition have not been exhausted in state court. Dkt. No. 29 at 1. This admission dooms petitioner's request to amend the petition. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Thus, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Rose v. Palmateer*, 395 F.3d 1108, 1110 (9th Cir. 2005) ("Pursuant to 28 U.S.C. § 2254(b)(1)(A), a federal court may not consider the merits of [petitioner's] claim unless he has exhausted all available state court remedies"). Because the Court cannot consider unexhausted claims, amendment of the petition would be futile, and thus the Court DENIES petitioner's motion to amend the petition.

Respondent states in the opposition that petitioner could file a new state habeas petition to exhaust the new claims. Dkt. No. 32 at 3-4. Respondent states that if a state habeas petition was filed before April 28, 2021, the federal habeas petition would be tolled; if petitioner files a new state habeas petition on or after April 28, 2021, the new claims would be untimely unless they relate back to the original timely claims. Respondent also notes that if any such state habeas petition was filed, the state court might find that a new state habeas petition was untimely, successive, or otherwise procedurally defective.[3]

Accordingly, the Court DENIES petitioner's motion to amend the petition. **<u>If petitioner</u>**

---

[2] As the Court noted in that order, one of the proposed "new" claims – that trial counsel was ineffective for failing to file a motion to suppress the cell phone videos – is not a new claim and has already been briefed by the parties.

[3] It appears from petitioner's filings that counsel was told by a California Supreme Court clerk that petitioner's state court cases had been closed and that nothing could be filed in the Supreme Court. Dkt. No. 30 at 2. However, it is not clear that petitioner's counsel sought to file a new state court habeas petition, as opposed to seeking to file in the closed cases.

**has filed a new state habeas petition, petitioner shall notify the Court no later than May 14, 2021, and shall attach a copy of the state habeas petition.** If petitioner has not filed a new state habeas petition, the Court will rule on the pending petition.

**IT IS SO ORDERED**.

Dated: May 4, 2021

SUSAN ILLSTON
United States District Judge