1
2
3
4                          UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    KALVIN N. CRAVEN,                      Case No. 20-cv-01933-SI (PR)

8                   Plaintiff,             **ORDER GRANTING PETITIONER'S**
                                           **MOTION FOR LEAVE TO FILE SECOND**
9             v.                           **AMENDED PETITION; SETTING NEW**
                                           **BRIEFING SCHEDULE; AND**
10   JIM ROBERTSON,                        **INSTRUCTIONS TO CLERK**

11                   Defendant.            Re: Dkt. No. 50

12

13          This matter relates to a habeas action which had been stayed and administratively closed

14   since May 6, 2021.  The stay was lifted on February 23, 2022, and now before the Court is

15   petitioner's motion for leave to file what has been construed as his second amended petition

16   ("SAP").  Dkt. No. 50, 50-1 at 2-53 (SAP).  As previously mentioned in the Court's February 23,

17   2022 Order, *see* Dkt. No. 58 at 1, respondent has opposed petitioner's motion for leave to file his

18   SAP on the grounds that the newly exhausted claims are time barred, *see* Dkt. Nos. 51, 54.  The

19   Court had directed additional briefing as to petitioner's motion for leave to file his SAP, *see* Dkt.

20   No. 58 at 14-15, and such briefing has since been filed, *see* Dkt. Nos. 60, 62, 63, 65.

21          For the reasons explained below, the Court GRANTS petitioner's motion for leave to file

22   his SAP, reviews the SAP, and directs the parties to abide by the new briefing schedule below.

23

24   I.     **BACKGROUND**

25          The following background is taken from the Court's February 23, 2022 Order lifting the

26   stay:

27          The original petition provides the following information: After a jury trial in
            Alameda County Superior Court, petitioner was found guilty of four counts of
28          robbery and was found to have personally used a firearm in the commission of the
            offenses.  He was resentenced on June 29, 2018, to a prison term of 28 years.

United States District Court
Northern District of California

Petitioner appealed.  The California Court of Appeal affirmed the conviction in 2018, and the California Supreme Court denied his petition for review on January 29, 2020. He also filed multiple state habeas petitions in the Alameda County Superior Court that were denied in 2020.

He then filed the instant federal habeas action on March 19, 2020.  His original petition has a proof of service stating that he mailed it to the Court on March 11, 2020.  The petition was stamped "filed" on March 19, 2020.  As a *pro se* petitioner, petitioner receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to a court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).  The original petition is deemed filed as of March 11, 2020.  Petitioner alleged three claims:  (1) the trial court's evidentiary ruling admitting videos from his cell phone violated due process; (2) the trial court violated his constitutional rights by engaging in "ex parte" communications with jurors during deliberations and by failing to answer a jury question about a sentence enhancement allegation; and (3) [ineffective assistance of counsel ("IAC")] claim based on trial counsel's failure to move to suppress videos obtained from petitioner's cell phone without a warrant.  *See* Dkt. No. 1.

On April 14, 2020, the Court found that, liberally construed, these claims were cognizable in a federal habeas action and warranted a response.  Dkt. 7 at 2.

Thereafter, petitioner moved to supplement his federal habeas petition with further argument in support of his claim that his right to due process was violated by the erroneous admission of two cell phone videos.  Dkt. No. 10.

On June 5, 2020, the Court granted petitioner's motion to supplement.  Dkt. No. 11. The Court noted that it would consider the supplemental argument when it came time to rule upon the habeas petition.  The Court added that because the supplement contained only further argument in support of an existing claim, there would be no need to adjust the briefing schedule.

On July 17, 2020, respondent filed a response to the petition and to petitioner's request to supplement the petition.  Dkt. Nos. 13, 14.

On October 13, 2020, petitioner retained Richard B. Mazer to represent him in this action.  Dkt. No. 18.

After requesting several extensions of time to do so, petitioner's counsel filed a traverse on March 12, 2021.  Dkt. No. 27.

On March 12, March 23, and March 24, 2021, petitioner's counsel filed motions seeking to amend the petition to assert a number of new, unexhausted claims alleging IAC and cumulative error claims.  Dkt. Nos. 28-30.  On April 12, 2021, respondent filed an opposition to petitioner's request to amend the petition.  Dkt. No. 32.

On May 4, 2021, the Court denied petitioner's motion to amend the petition because it could not consider unexhausted claims and, thus, it determined that amendment of the petition would be futile.  Dkt. No. 33 at 2.  The Court further added that "[i]f petitioner has filed a new state habeas petition, petitioner shall notify the Court no later than May 14, 2021, and shall attach a copy of the state habeas petition."  *Id.* at 2-3.

Thereafter, petitioner's then counsel, Mr. Mazer, informed the Court that on April 27, 2021, he filed another state habeas petition in the state superior court seeking to exhaust a number of new claims.[FN 1]  Dkt. No. 34.

[FN 1:] Petitioner subsequently alerted the Court of his intent to abandon this state collateral proceeding.  Dkt. No. 48.

As such, on May 6, 2021, the Court found it appropriate to sua sponte stay and abey this petition.  Dkt. No. 35 at 1 (citing *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005)).  The action was stayed and administratively closed.  *Id.*  The Court further noted that it made "no finding at this time as to the timeliness of the currently unexhausted claims."  Dkt. No. 35 at 1.

On June 9, 2021, petitioner filed a motion to lift the stay along with an amended petition.  Dkt. Nos. 38, 39.  His amended petition has a proof of service stating that he mailed it to the Court on June 6, 2021.  The petition was stamped "filed" on June 9, 2021.  Because petitioner receives the benefit of the prisoner mailbox rule, the amended petition is deemed filed as of June 6, 2021.  *See Stillman*, 319 F.3d at 1201.  In his amended petition, petitioner lists eight IAC claims and a claim of cumulative error.  Dkt. No. 39.  Specifically, petitioner alleged the following IAC claims based on trial counsel's failure: (1) to object to Officer Mullen's testimony regarding his identification of petitioner; (2) to object to testimony by Officer Mullins, who had arrested plaintiff, and to identification testimony by Officer Bergeron; (3) to be present during the readbacks of testimony requested by the jury during deliberation; (4) not to strike a biased juror who was seated on the jury; (5) to file a motion to suppress petitioner's identification at the lineup; (6) to request an opportunity to explain petitioner's absence at trial; (7) to object to the introduction of enhanced surveillance video, which lacked foundation; and (8) to conduct proper cross-examination of Officer Mullens.  Dkt. No. 39 at 2-7.  Lastly, petitioner alleged that the cumulative effect of trial counsel's deficient performance denied him the right to a fair trial.  *Id.* at 9.

On June 11, 2021, Mr. Mazer filed a motion to withdraw as petitioner's attorney.  Dkt. No. 36.

On June 28, 2021, the Court granted petitioner's motion requesting that the Court reinstate his *pro per* status, and also granted Mr. Mazer's motion to withdraw.  Dkt. No. 43.  The Court deferred ruling on the motion to lift the stay and the propriety of the amended petition until it received further information about whether petitioner intended to pursue the pending state court habeas petition filed by Mr. Mazer on April 27, 2021.[FN 2]  *Id.* at 1.

[FN 2:] The April 27, 2021 state habeas petition was signed by petitioner and filed with the state superior court on the same date.

Thereafter, the Court received information about the status of the state habeas proceedings from Mr. Mazer and petitioner.  Dkt. Nos. 46, 47, 48.  Petitioner informed the Court that he wished to pursue his state habeas petition filed in the California Supreme Court on September 7, 2021, in which he was attempting to exhaust his IAC claims.  *See id.*  Petitioner requested that the Court continue to defer ruling on his motion to lift the stay until he received a ruling from the California Supreme Court.  Dkt. [No.] 48 at 1.

On December 17, 2021, petitioner informed the Court that the California Supreme Court had denied his state habeas petition on November 23, 2021.  Dkt. No. 49.  He then filed another motion entitled, "Motion to Lift the Court's Stay, and Motion to Withdraw 6/09/2021 Amended Petition, to Submit Perfected Amended Petition That Is Fully Exhausted Removing Three IAC Issues," which will be construed as a motion for leave to file his SAP.  Dkt. [No.] 50.  As mentioned, attached to this motion is petitioner's SAP.  *Id.* at 2-53.  His SAP has a proof of service stating that

United States District Court
Northern District of California

he mailed it to the Court on December 14, 2021. The petition was stamped "filed" on December 18, 2021. Because petitioner receives the benefit of the prisoner mailbox rule, the SAP is deemed filed as of December 14, 2021. *See Stillman*, 319 F.3d at 1201. The SAP alleges the newly exhausted claims, including his cumulative error claim and his IAC claims based on trial counsel's failure: (1) to object to testimony by Officer Mullins, who had arrested plaintiff, and to identification testimony by Officer Bergeron; (2) to file a motion to suppress petitioner's identification at the lineup; (3) to request an opportunity to explain petitioner's absence at trial; (4) to object to the introduction of enhanced surveillance video, which lacked foundation; and (5) to conduct proper cross-examination of Officer Mullins.[FN 3] Dkt. No. 50-1 at 2-52.

[FN 3:] The Court notes that petitioner "remov[ed] three of the IAC issues" he initially listed in his amended petition. *See* Dkt. No. 50 at 1; *compare* Dkt. No. 39 at 2-7 *with* Dkt. No. 50-1 at 2-52.

Dkt. No. 58 at 1-5 (brackets added and footnotes in original). The Court thereafter lifted the stay and ordered respondent to file further briefing related to "amended petition" filed on June 6, 2021 ("June 6, 2021 amended petition"). *Id.* at 11-14.

Respondent thereafter filed a supplement to their opposition to petitioner's motion to amend the petition. Dkt. No. 60. Petitioner filed a response to the supplemental opposition. Dkt. No. 61. Respondent filed a reply to petitioner's response. Dkt. No. 63. And petitioner filed a response to the reply. Dkt. No. 65.

## II.    DISCUSSION

### A.    Review of Motion for Leave to File SAP and Timeliness/Relation Back Issues

Having received additional briefing from the parties, the court now considers petitioner's motion for leave to file his SAP as well as respondent's arguments in opposition to the motion. Dkt. Nos. 50, 51, 54, 60, 62, 63, 65.

Petitioner moves to add his IAC claims and cumulative error claim to the three claims alleged in the original petition. Dkt. No. 50. Respondent opposes the motion. Dkt. Nos. 51, 60. Respondent argues that the amendment should not be permitted because the newly exhausted claims do not relate back to the claims in the original petition, and they were not filed within the one-year limitations period. Dkt. No. 51 at 1. Specifically, respondent states that "[w]ith respect to the newly exhausted claims, the federal statute of limitations has long since expired . . . [and] [p]etitioner's newly exhausted claims are time barred." *Id.* (citing 28 U.S.C. § 2244(d)). Respondent adds that "[t]he

requested amendment here is futile because the Court cannot grant relief on untimely claims." *Id.* at 2.  Respondent also claims that petitioner is "entitled to no tolling from untimely state habeas petitions." *Id.*  And, respondent also argues that petitioner's new federal claims "do not relate back to the original petition for review filed in the California Supreme Court." *Id.*  Specifically as to the claims in the June 6, 2021 amended petition, respondent argues that its "claims do no relate back to the original federal petition." Dkt. No. 60 at 3.  Respondent argues that the June 6, 2021 amended petition's new ineffective assistance of counsel claims

> assert new factual grounds for relief that differ from time and type of the original petition.  The original ineffective assistance claim focused on counsel's failure to file a defense motion to suppress cell phone video evidence on Fourth Amendment grounds.  ECF 1 at 10.  The new ineffective assistance claims go beyond the failure to file a pretrial suppression motion to other alleged failures made at different times at trial and challenge other types of evidence.  There is no common core of operative facts.  The new claims are separate legal claims and depend on separate evidence.  The relation back doctrine does not apply to the June 6, 2021 amended petition.

*Id.*

In his response, petitioner presents evidence of a "properly filed" state habeas petition (filed on June 29, 2020 and denied on July 2, 2020) that adds four days of tolling to the one-year statute of limitations, tolling the federal statute of limitations in this case to June 8, 2021.  *See* Dkt. No. 61. Therefore, petitioner argues that the June 6, 2021 amended petition was timely filed *before* the June 8, 2021 statute of limitation expired.  *Id.*

In their reply to petitioner's response, respondent seems to concede that petitioner had successfully presented evidence that he is entitled to the aforementioned four days of tolling.  Dkt. No. 63 at 2.  Thus, respondent agrees that "the June 6, 2021 amended petition ([Dkt. No.] 39) was timely filed before the June 8, 2021[1] statute of limitation expired."  *Id.* (footnote added).  Instead, respondent argues that the June 6, 2021 amended petition "presented unexhausted[2] new federal

---

[1] Respondent originally noted in their "Supplement to Opposition to Petitioner's Renewed Motion to Amend the Petition" that the statute of limitations expiration date was on June 4, 2021. Dkt. No. 60 at 3.  Thus, upon respondent's calculation of adding four more days of tolling, the statute of limitations expiration date would then be June 8, 2021, which matches petitioner's calculation above.  Dkt. No. 63 at 2.

[2] The Court notes that respondent only argues for the first time in their reply that the claims in the June 6, 2021 amended petition are "unexhausted."  *See* Dkt. No. 63 at 2.  Up to that point, respondent had only argued that these claims are *untimely* and do not relate to the original petition.

claims subject to dismissal unless they relate back to the original federal petition." *Id.* (footnote added).

However, respondent is mistaken because the June 6, 2021 amended petition need not be *both* timely *and* relate back to the original petition. Instead, each newly exhausted claim can survive only if it (a) was filed within the limitations period, *or* (b) relates back to the original and timely petition, as explained below.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner to file a petition for federal habeas corpus relief within one year of the occurrence of several events, the only event relevant to this action being "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d). Meanwhile, claims that are first presented in an amended petition filed *after* the one-year statute of limitations has expired relate back to the date of the original pleading only if the original and amended pleadings "'ar[i]se out of the conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (alteration in original) (quoting Fed. R. Civ. P. 15(c)(2)). Thus, only when the amended petition is untimely must the Court consider whether the amended petition relates back to the original and timely petition. Such is not the case here. The parties agree that the June 6, 2021 amended petition is *timely* because it was filed *before* the June 8, 2021 statute of limitations expiration date. Therefore, the Court need not further discuss whether the June 6, 2021 amended petition relates back to the original petition.

The SAP, however, which was deemed filed on December 14, 2021, is untimely because it was filed *after* the limitations period expired on June 8, 2021. The Court had therefore directed the parties to file supplemental briefing "as to whether the appearance of the newly exhausted claims in a prior timely petition—the [June 6, 2021] amended petition—is sufficient for relation back purposes." Dkt. No. 58 at 13-14. Even though respondent was given the opportunity to file briefing

---

*See* generally Dkt. No. 60. Because such an argument regarding exhaustion is not properly before the Court, it will not be addressed at this time. *See* Dkt. No. 63 at 2. The Court notes that petitioner had previously been granted a *Rhines* stay in order to exhaust his new claims, which has since been lifted. Dkt. No. 35 at 1 (*Rhines* stay); Dkt. No. 58 (Order Lifting Stay). And, as mentioned above, petitioner has moved for leave to file a SAP which he claims is "fully exhausted removing three [ineffective assistance of counsel ('IAC')] issues." Dkt. No. 50.

on this particular relation back issue, respondent did not do so in the response.  *See* Dkt. Nos. 60, 63.  Meanwhile, petitioner argues that "the appearance of the IAC claims and cumulative error claim in [his] June 6, 2021 amended petition is sufficient for relation back purposes."  Dkt. No. 61 at 2. The Court agrees with petitioner.

As the parties have agreed, the June 6, 2021 amended petition is *timely* because it was filed *before* the limitations period expired.  Moreover, the June 6, 2021 amended petition raised similar claims as those raised in the SAP, including five of the eight IAC claims and the cumulative error claim.  These three cases provide some guidance as to the relation back issue:  *Duncan v. Walker*, 533 U.S. 167 (2001); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000); and *Zarvela v. Artuz*, 254 F.3d 374 (2nd Cir. 2001).

The following description of these cases is taken from the Court's February 23, 2022 Order:

> In *Green*, the petitioner voluntarily dismissed his petition in order to exhaust state remedies, which terminated the litigation.  223 F.3d at 1002-03.  After Green exhausted his claims, he filed a federal habeas petition, which the district court dismissed as untimely, AEDPA's limitations period having expired, and the claims did not relate back to any timely pending petition.  *Id.* at 1002.  The Ninth Circuit affirmed:
>
> > A second habeas petition does not relate back to a first habeas petition when the first habeas petition was dismissed for failure to exhaust state remedies.  When the present petition was filed, there was no pending petition to which the new petition could relate back or amend.  Therefore, Green's present petition does not relate back to his earlier petition that was dismissed.
>
> *Id.* at 1003 (quotation marks and citations omitted).  However, *Green*'s holding is based in part on the fact that Green's prior petition was dismissed and the habeas proceedings terminated, which is not the case here.  This Court has had *continuous* jurisdiction from when the original petition was initially deemed filed on March 11, 2020, when this action was stayed on May 6, 2021, and when the amended petition and the SAP were deemed filed on June 6, 2021 and December 14, 2021, respectively.  Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition.  In a concurring opinion in *Walker*, Justice Stevens, joined by Justice Souter, stated that:
>
> > although the Court's pre-AEDPA decision in *Rose v. Lundy*, [455 U.S. 509 (1982)], prescribed the dismissal of federal habeas corpus petitions containing unexhausted claims, in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.  Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious

> claims, *see*  28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.
>
> 533 U.S. at 182-83 (Stevens, J., concurring).  Lastly, in *Zarvela*, the Second Circuit recognized that the purpose of AEDPA's limitations period is to further the goal of finality by avoiding endless delay in deciding constitutional challenges to a conviction.  *See* 254 F.3d at 381.  However, the *Zarvela* court found that "the concern about excessive delays in seeking exhaustion and in returning to federal court after exhaustion can easily be dispelled by allowing a habeas petitioner no more than reasonable intervals of time to present his claims to the state courts and to return to federal court after exhaustion."  *Id.*

Dkt. No. 58 at 13-14.

> Here, petitioner argues as follows:
>
> The Court did not dismiss Petitioner's [June 6, 2021] amended petition.  The Court retained jurisdiction and deferred ruling.  Also, unlike [in] *Green*, when the present SAP was filed . . . on December 14, 2021, there was a pending petition to which the new petition could relate back to . . . .

Dkt. No. 61 at 2 (brackets added).  Petitioner is correct that his original petition was never dismissed and his habeas proceedings were never terminated.  Petitioner claims that he has since exhausted the claims in his SAP.  *See* Dkt. No. 50.  The Court can now determine whether the alleged newly exhausted claims in the SAP relate back to the timely filed June 6, 2021 amended petition.  And the Court finds that the SAP raised the same cumulative error claim and five of the eight IAC claims from the June 6, 2021 amended petition, and thus these claims in the SAP relate back because they arise out of the same "conduct, transaction and occurrence" as the corresponding claims in the June 6, 2021 amended petition.  For this reason, the Court GRANTS petitioner's motion for leave to file his SAP (Dkt. No. 50).

**B.    Review of SAP**

The Court will now review the SAP, which includes five IAC claims and cumulative error claim, and it will determine whether these claims are cognizable in a federal habeas action and warrant a response.  The Court notes that the parties have already briefed the three claims alleged in the original petition.  Dkt. Nos. 12 (answer), 27 (traverse).  As mentioned above, petitioner had originally alleged three claims: (1) the trial court's evidentiary ruling admitting videos from his cell phone violated due process; (2) the trial court violated his constitutional rights by engaging in "ex

parte" communications with jurors during deliberations and by failing to answer a jury question about a sentence enhancement allegation; and (3) IAC claim based on trial counsel's failure to move to suppress videos obtained from petitioner's cell phone without a warrant. *See* Dkt. No. 1.

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The SAP alleges five IAC claims and a claim of cumulative error. Dkt. No. 50-1. Specifically, petitioner alleged the following IAC claims based on trial counsel's failure: (1) to object to testimony by Officer Mullins, who had arrested plaintiff, and to identification testimony by Officer Bergeron; (2) to file a motion to suppress petitioner's identification at the lineup; (3) to request an opportunity to explain petitioner's absence at trial; (4) to object to the introduction of enhanced surveillance video, which lacked foundation; and (5) to conduct proper cross-examination of Officer Mullins. *Id.* at 2-49. Lastly, petitioner alleged that the cumulative effect of trial counsel's deficient performance denied him the right to a fair trial. *Id.* at 51, 53. Liberally construed, these claims are cognizable in a federal habeas action and warrant a response. The parties shall abide by the briefing schedule outlined below.

### III.    CONCLUSION

For the foregoing reasons,

1.      The Court GRANTS petitioner's motion for leave to file his SAP. Dkt. No. 50. The clerk is directed to file the attached SAP (Dkt. No. 50-1) and mark it as deemed filed as of December 14, 2021.

2.      The SAP states cognizable claims for habeas relief and warrants a response.

3.      The clerk shall serve a copy of this order, the SAP (Dkt. No. 50-1 at 2-53) and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

4.      Respondent must file and serve upon petitioner, on or before **May 26, 2023**, a supplemental answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the supplemental answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the SAP.

4.      If petitioner wishes to respond to the supplemental answer, he must do so by filing a supplemental traverse with the court and serving it on respondent on or before **July 7, 2023.**

5.      Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

**IT IS SO ORDERED**.

Dated:  March 24, 2023

_____
SUSAN ILLSTON
United States District Judge