1
2
3
4                       UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6
7    KALVIN N. CRAVEN,                        Case No. 20-cv-01933-SI (PR)
8                     Plaintiff,              **ORDER GRANTING PETITIONER'S**
                                              **RE-FILED MOTION FOR LEAVE TO**
9            v.                               **AUGMENT THE RECORD WITH**
                                              **PEOPLE'S EXHIBITS 9 AND 11**
10   JIM ROBERTSON,
                                              Re: Dkt. Nos. 71, 77
11                    Defendant.

12          This matter relates to a habeas action which had been stayed and administratively closed

13   since May 6, 2021.  The stay was lifted on February 23, 2022, and now before the court is

14   petitioner's re-filed motion to augment the record with People's Exhibits 9 and 11 that were admitted

15   in evidence at his state court criminal trial.  *See* Docket No. 71.  Respondent does not object to

16   petitioner's request.  *See* Docket No. 74.  Petitioner has since filed a motion requesting a ruling on

17   his re-filed motion.  *See* Docket No. 77.

18          In an Order dated January 21, 2021, the court gave the following background relating to

19   petitioner's initial request to augment the record with these same exhibits, stating as follows:

20          Petitioner moved to augment the record in this habeas action with two cell phone
            videos and a surveillance video that were admitted in evidence at petitioner's state
21          court criminal trial.  *See* Docket No. 13.  Respondent filed a response explaining that
            Respondent did not have access or control of the trial exhibits including the videos
22          and that an order from this court to the Alameda County Superior Court would be
            necessary to obtain the videos.  Docket No. 14.  Respondent submitted copies of still
23          photos from the videos, as only still photos had been served on Respondent during
            the state court appeal.  *Id.*  The court denied the motion to augment the record,
24          explaining that federal habeas review is "'limited to the record that was before the
            state court that adjudicated the claim on the merits,'" exhibits typically are not part
25          of the record on appeal, and the California Court of Appeal had described the video
            evidence in its decision.  Docket No. 16 at 1-2 (quoting *Cullen v. Pinholster*, 563
26          U.S. 170, 180-81 (2011)).  The court also explained that "[u]nless a party shows the
            state appellate court's description of physical evidence to be materially inaccurate –
27          which petitioner has not – that is the description this court will use in adjudicating
            his federal habeas claims."  *Id.* at 2.
28

United States District Court
Northern District of California

United States District Court
Northern District of California

Docket No. 24 at 1. Thereafter, petitioner moved for reconsideration of the order denying augmentation of the record, arguing for the first time that the California Court of Appeal actually did have the video exhibits when it considered petitioner's case and later returned the video exhibits to the Alameda County Superior Court. *See* Docket No. 23. Thus, the court granted petitioner's motion for reconsideration (Docket No. 23), and it vacated the order denying augmentation of the record (Docket No. 16). *See* Docket No. 24 at 2. The court ruled that it would permit petitioner to augment the record in this federal habeas action. *Id.* The court also noted as follows:

> Although respondent suggested that this court could order the Alameda County Superior Court to deliver the video exhibits, the better approach is to require petitioner to obtain copies of the video exhibits (if he does not already have them) and then file them in this action. This will avoid any possible overreach of this court's authority – as it is not clear that this court has the authority to order a state superior court to deliver to this court exhibits or copies of exhibits in its files. *See Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."); *see also In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition).

*Id.* The court gave petitioner "[n]o later than March 12, 2021" to augment the record "by filing a copy of the video exhibits that were used at his trial and were transmitted to the California Court of Appeal for consideration in the appeal in his criminal case." *Id.*

To date, petitioner has not submitted the aforementioned exhibits. The court further notes that petitioner is representing himself *pro se* as his counsel withdrew from the case, at petitioner's request, in June 2021. *See* Docket No. 36. The record shows that petitioner became aware that his former counsel never submitted the exhibits even though the court had granted him permission to do so. *See* Docket No. 71 at 1-2. Thus, petitioner now seeks leave to "correct this error" and augment the record with People's Trial Exhibits 9 and 11. *Id.* As mentioned above, respondent does not object to petitioner's request. *See* Docket No. 74 at 2.

Accordingly, the court GRANTS petitioner's re-filed motion to augment the record in this habeas action with People's Exhibits 9 and 11 and GRANTS his motion requesting a ruling on his re-filed motion (Docket Nos. 71, 77).

No later than **January 31, 2024**, petitioner may augment the record by filing a copy of the

2

video exhibits that were used at his trial and were transmitted to the California Court of Appeal for consideration in the appeal in his criminal case.

Because the court must wait for the deadline for petitioner to augment the record, the court also *sua sponte* extends the traverse deadline for petitioner to address the relevance of any newly lodged video exhibits to his claims.   The court notes that petitioner has most-recently filed a supplemental traverse.  *See* Docket No. 75.   Petitioner must file and serve his second supplemental traverse no later than **January 31, 2024**.  This deadline will not be further extended.

**IT IS SO ORDERED**.

Dated: November 20, 2023

SUSAN ILLSTON
United States District Judge