UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALVIN N. CRAVEN,<br><br>Petitioner,<br><br>v.<br><br>ANDRE GONZALES, Acting Warden,[1]<br><br>Respondent. | Case No. 20-cv-01933-SI (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION RELATING TO ORDER DENYING HABEAS RELIEF FOR REMAINING SIXTH AMENDMENT CLAIM**<br><br>Re: Dkt. Nos. 95, 96 |

**BACKGROUND**

On May 30, 2025, the Court issued its Order Denying Habeas Relief for Remaining Sixth Amendment Claim.  Dkt. 93.  It then issued its judgment and closed the case.  Dkt. 94.

Before the Court is Kalvin N. Craven's motion for relief from the judgment under Federal Rules of Civil Procedure 59(e) and 60(b), stating that the Court "committed 3 clear errors during it[]s analysis of [his] Sixth Amendment denial of counsel claim."  Dkt. 95 at 1.[2]  Thereafter, Craven filed his Supplemental Motion for Reconsideration, in which he makes the same argument.  Dkt. 96.

**LEGAL STANDARD**

Where the Court's ruling has resulted in a final judgment or order, as here, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule

---

[1] Andre Gonzales, the current acting warden of the prison where the petitioner is incarcerated, has been substituted as the respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  Because Craven's motion was not filed within ten days of entry of judgment, as is required for a Rule 59(e) motion, it will be treated as a Rule 60(b) motion.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Rule 60(b) "provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there is any other reason justifying relief from the judgment." *Jeff D. v. Kempthorne*, 365 F.3d 844, 851 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.  *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).  Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subparagraph (6) or any other provision of Rule 60(b).  *Id.*  "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

**DISCUSSION**

Here, Craven claims that "the AEDPA standard of review did not apply to his Sixth Amendment claim because no state court adjudicated the merits of his Sixth Amendment claim." Dkt. 95.  To clarify, as part of Claim 2 of his federal petition, Craven contended that his Sixth Amendment right to counsel was violated because of the trial court's "ex parte" communication with jurors before their requested readback, and the trial court's subsequent lack of notification of counsel.  Dkt. No. 1 at 9.  However, contrary to Craven's allegation above that no state court

United States District Court
Northern District of California

2

adjudicated the merits of his Sixth Amendment claim, the Court noted in its May 30, 2025 Order that the state supreme court denied this claim summarily after he raised it in his state supreme court habeas petition. *See* Dkt. 93 at 11 (citing Dkt. No. 73-5 at 3-16 (California Supreme Court Habeas Petition dated Aug. 26, 2021), Dkt. No. 73-5 at 20 (California Supreme Court's Summary Denial dated Nov. 23, 2021)). Specifically, the Sixth Amendment claim was listed as claim number "3" (which is identical to Claim 2 in his federal petition) on page 9 of that state supreme court habeas petition, which states:

> Trial counsel stipulated that readbacks of testimony requested by the jury during deliberation could go forth outside of trial's presence. This was ineffective assistance of counsel. The jury requested Officer Mullens'[s] testimony be re-read in it[]s entirety. Trial counsel's absence prevented her from observing the impact the readback had on the jury or whether the jurors had any questions for the Court. Her absence also prevented her from reviewing notes the jury sent the Court during deliberation and objecting, if appropriate. (RT 514-515.)

Dkt. 73-5 at 9 (brackets added). Also, on page 12 of that same petition, under the heading "Additional argument for Claim 3," Craven may not have used the words "Sixth Amendment violation," but he argued that his trial counsel, Ms. Romany McNamara, should have known better than to stipulate to be absent at any readbacks by the jury and that he was prejudiced from her absence during the trial judge's ex parte communication with the jury, stating as follows:

> Prior to the jury's deliberations beginning, defense counsel and the prosecutor stipulated any rereading of testimony requested by the jury could be done outside their presence. This was ineffective assistance of counsel by defense. During deliberation juror #12 asked the trial court[:] if the jury came to a decision on the charges but got hung on the enhancements to the charges, what would happen. RT 515.
>
> The trial court did not give a substantive answer. The court told the jury it did not want to go too far down the road since the attorneys were not present. The court told the jury to write down any questions and they will be addressed. Approximately 14 minutes later the trial court accepted the jury's verdicts without answering juror #12's question or notifying defense counsel of the ex parte communication with the jury of the question posed. Defense counsel's agreement that [s]he not be present at any readbacks by the jury, as shown above was ineffective assistance of counsel.
>
> Undersigned counsel has practiced criminal defense in the Federal Courts in over 48 years. One thing counsel has learned is that defense counsel should never agree to not being present at any portion of the case because no one knows what could happen. In the instant case[,] trial counsel's absence prejudiced his client.

*Id.* at 12 (brackets added).

Craven takes issue with the fact that his state supreme court habeas petition "does not contain

[his] Sixth Amendment denial of counsel claim." Dkt. No. 95 at 3.  In essence, Craven is arguing that this claim is unexhausted, and this Court "should grant [his] motion for reconsideration . . . [a]nd review his Sixth Amendment Claim [d]e [n]ovo." *Id.* at 4.

A federal court may only grant a writ of habeas corpus with respect to a person incarcerated pursuant to a state court judgment if "he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and "has exhausted the remedies available in the courts of the State," *id.* § 2254(b)(1)(A).  To exhaust a federal claim in state court, a prisoner must "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original). Thus, it seems Craven is arguing that he did not exhaust his Sixth Amendment claim because he did not include the words "Sixth Amendment violation" in his state habeas petition filed in the California Supreme Court.  Dkt. No. 95 at 3.  The Court disagrees.  As shown above, in his *pro se* state supreme court habeas petition, Craven argued that his counsel "should never agree to not being present at any portion of the case because no one knows what could happen."  Dkt. No. 73-5 at 12.  He then specifically states that "trial counsel's absence *prejudiced* his client."  *Id.* (emphasis added).  While Craven did not explicitly cite the Sixth Amendment of the United States Constitution, he used the aforementioned language and also the phrase "ineffective assistance of counsel" two times. *See id.*  His state supreme court habeas petition did not explicitly identify whether his claim was based on the federal constitution, the state constitution, or both.  *Id.* The Ninth Circuit case, *Peterson v. Lampert*, 319 F.3d 1153 (9th Cir. 2003) (en banc), can guide the Court in its exhaustion analysis.  While in *Peterson*, the Ninth Circuit found that the petitioner had failed to exhaust his federal ineffective assistance claim in state court, this Court finds that under the analysis outlined in *Peterson*, Craven exhausted his Sixth Amendment claim.

First, *Peterson* makes clear that, for the purposes of exhaustion, *pro se* petitions are held to a more lenient standard than counseled petitions.  *Id.* at 1159 ("[T]he complete exhaustion rule is not to trap the unwary *pro se* prisoner." (quoting *Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (alteration in original))).  As mentioned above, in the instant matter, Craven's petition to the California Supreme Court was *pro se*.  Next, *Peterson* makes clear that, depending on the context of his claim, a prisoner may alert a state court to the federal nature of the asserted right by using the

United States District Court
Northern District of California

phrase "ineffective assistance of counsel." *Id.* Peterson had argued his federal ineffective assistance claim to the Oregon Court of Appeals, but in his petition to the Oregon Supreme Court he had only argued that he received "*inadequate* assistance of counsel," *id.* at 1157 (emphasis added). *Peterson*'s petition for review to the Oregon Supreme Court did not refer to his appellate court brief, did not mention any provision of the Federal Constitution, and did not mention "ineffective" assistance of counsel. *Id.* Peterson could have fairly presented his federal claim in a number of ways, including (but not limited to) the ways just mentioned, but he specifically and exclusively alleged a violation of his right to "adequate" assistance of counsel under the Oregon Constitution. *Id.* By contrast, here, Craven's petition twice mentioned "ineffective assistance of counsel," and the Sixth Amendment guarantees not only assistance, but the *effective* assistance, of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).

Further, it should have been evident to the California Supreme Court that Craven was not only raising an ineffective assistance of counsel claim, but also a claim under the Sixth Amendment, which "guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings.'" *Missouri v. Frye*, 566 U.S. 134, 140 (2012) (quoting *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)). A trial would be "presumptively unfair . . . where the accused is denied the presence of counsel at 'a critical stage,'" a phrase the Supreme Court used "to denote a step of a criminal proceeding, such as arraignment, that held significant consequences for the accused." *Bell v. Cone*, 535 U.S. 685, 695-96 (2002) (footnote omitted). Prejudice is presumed when defense counsel is absent during a "critical" stage in the proceeding. *United States v. Cronic*, 466 U.S. 648, 661 (1984). Here, as explained above, Craven argued in his state supreme court habeas petition that he was "prejudiced" by trial counsel's *absence.* Dkt. No. 73-5 at 12. Thus, this Court did not err in concluding that the AEDPA standard of review applied upon finding that Craven exhausted his Sixth Amendment claim before the California Supreme Court, which denied his claim summarily.

Specifically, in its May 30, 2025 Order, the Court denied Craven's Sixth Amendment claim stating:

> Craven has not shown a violation of his Sixth Amendment right to counsel based on the "ex parte" communication between the trial court and Juror 12. In the absence of clear Supreme Court authority, the federal court has no basis for finding that the

United States District Court
Northern District of California

state court's rejection of this claim was an objectively unreasonable application of clearly established Supreme Court law for purposes of 28 U.S.C. § 2254(d)(1). Craven has failed to cite any United States Supreme Court case holding  that a defendant's Sixth Amendment right to counsel is violated when a judge invites the jury to make a written request for the purposes of discussion with counsel, before responding to a jury  question.  Moreover, Craven does not show that any presumed error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht* [*v. Abrahamson*], 507 U.S. [619,] 637 [(1993)].  Accordingly, Craven is not entitled to the writ on this claim.

Dkt. No. 93 at 16.

The Court finds that Craven does not make a showing of mistake, inadvertence, surprise or excusable neglect.  *See* Fed. R. Civ. P. 60(b).  He does not set forth any newly discovered evidence, fraud, or any grounds for finding that the judgment is void or has been satisfied.  *Id.*  Nor does he set forth any other reason justifying relief.  Rather, Craven seems to argue that the decision of the Court was wrong because the "trial judge answered a substantive question while knowing counsel was absent," when the judge stated as follows: "So, before you go on, why don't you write these down . . . since the attorney's aren't here, I don't want to go too far down that road."  Dkt. No. 96 at 4-5.  The Court first found that the judge's answer to Juror 12's question ("So if we've come to a decision on the charges but we got hung on the enhancement, what would happen?") reasonably pertained to the firearm enhancements, especially since the trial court previously referred to them as **"enhancement allegations"** in responding to another juror's prior question about "the crime related to having a firearm."  Dkt. No. 93 at 13 (citing 6RT 506, 509, 515 (emphasis added)).  Then, contrary to Craven's argument above, the Court determined that the record showed that the judge did *not* provide a substantive answer to Juror 12's question:

Here, the record establishes that the trial court's practice was to inform counsel of all juror requests before drafting answers or ordering readback.  6RT 507-508, 515-516.  Consistent with that practice, the trial court invited the jury to submit questions or requests in writing, so that the parties and the trial court could discuss possible answers, as was previously done.  6RT 507-508, 515-516.

. . . .

The trial court did not provide nor refuse to provide a substantive answer to Juror 12's hypothetical question.  6RT 515-516.  Instead, the trial court invited the jury to confer in the jury deliberation room following readback then produce a written request for the purposes of discussion with counsel and the trial court.  *See* Dkt. No. 12-4 at 8.  The record reflects that the jury decided to continue to deliberate following readback rather than produce a written request.  6RT 515-516.  No further written request was forthcoming before the jury reached their verdict shortly thereafter.  6RT

United States District Court
Northern District of California

6

> 516-519. Nor was there any further mention of a deadlock on the enhancements prior to the verdicts being returned. 6RT 516-519.

*Id.* at 13-14. While Craven's argument that he disagrees with the Court's denial of his Sixth Amendment claim may be properly advanced on appeal, such an argument is not a basis for reconsideration. *See Dunnahoo*, 637 F.2d at 1341 (motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court). Accordingly, Craven's motion for reconsideration is DENIED.

## CONCLUSION

For the reasons outlined above, the Court finds that Craven's allegations present no grounds that warrant reconsideration of its May 30, 2025 Order Denying Habeas Relief for Remaining Sixth Amendment Claim. His motion for reconsideration is DENIED. Dkt. Nos. 95, 96.

The Clerk of the Court shall substitute Andre Gonzales as the respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

This Order terminates Docket Nos. 95 and 96.

**IT IS SO ORDERED**.

Dated: February 17, 2026

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

7