UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KALVIN N. CRAVEN,

Petitioner,

v.

ANDRE GONZALES, Warden,

Respondent.

Case No. 20-cv-01933-SI (PR)

**ORDER DENYING CERTIFICATE OF APPEALABILITY; AND DENYING MOTION FOR RELEASE PENDING APPEAL WITHOUT PREJUDICE TO RAISING IT IN THE NINTH CIRCUIT**

Re: Dkt. Nos. 98, 102

## BACKGROUND

This is a habeas case under 28 U.S.C. § 2254 filed in *pro se* by Kalvin N. Craven, a California state prisoner. The petition, liberally construed, stated cognizable claims under section 2254, and respondent was ordered to show cause why the petition should not be granted.

On May 30, 2025, the Court issued its Order Denying Habeas Relief for Remaining Sixth Amendment Claim, and it determined that a certificate of appealability ("COA") will not issue. Dkt. 93. It then issued its judgment and closed the case. Dkt. 94. On February 17, 2026, the Court denied reconsideration of its May 30, 2025 Order. Dkt. 97.

Before the Court is Craven's motion for a COA as to the determinations made in the Court's February 17, 2026 Order denying reconsideration. Dkt. 98 at 1.[1] Craven has also filed a notice of appeal to the Ninth Circuit Court of Appeals. Dkt. 99. Thereafter, Craven filed his "Motion for Release Pending Appeal." Dkt. 102.

## DISCUSSION

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Craven.

United States District Court
Northern District of California

483 (2000). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Id.* at 484.

The Court finds that a certificate of appealability will not issue here. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural [rulings]" in its May 30, 2025 Order Denying Habeas Relief for Remaining Sixth Amendment Claim or in its February 17, 2026 Order denying reconsideration. *Slack*, 529 U.S. at 484. Specifically, the Court finds that Craven has not demonstrated that jurists of reason would find the denial of his motion for reconsideration debatable or wrong, or that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003). The denial of the certificate of appealability is without prejudice to Craven seeking a certificate from the United States Court of Appeals for the Ninth Circuit.

Furthermore, Craven's motion for release on his own recognizance pending appeal should be directed to the Ninth Circuit. Thus, his motion is DENIED without prejudice to renewing it there. Dkt. 102.

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. Craven's request for a COA is DENIED. Dkt. 98.

2. Craven's motion for release on his own recognizance pending appeal is DENIED without prejudice to renewing it in the Ninth Circuit. Dkt. 102.

3. The Clerk of the Court shall transmit a copy of this order to the Ninth Circuit.

**IT IS SO ORDERED**.

Dated: September 25, 2026

Susan Illston

SUSAN ILLSTON
United States District Judge